DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O BOX 50013
SAN JOSE, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In Re:                                      ) Chapter 13
                                            )
ZACHARY DEVINE                              ) Case No. 08-54055 ASW
                                            )
                                            ) **NOTICE OF PLAN COMPLETION**
                                            ) **AND REQUEST FOR DISCHARGE**
_____ Debtor _____) **BY TRUSTEE**

1. The debtor, **ZACHARY DEVINE,** is entitled to a discharge since the confirmed Chapter 13 Plan in this case has been completed and all plan payments to be made to the Trustee and/or otherwise provided for under the plan have been made.

2. The debtor has filed a Debtor's Certification in Support of Discharge stating:

    a. The Certification of Completion of Instructional Course Concerning Financial Management has been filed *or* the course was not completed pursuant to an exception found in 11 U.S.C. §1328(g)(2) _____ or pursuant to a court order _____.

    b. All domestic support obligations, as that term is defined in 11 U.S.C. §101(14A), that have become due under any order of a court or administrative agency or under any statute have been paid *or* the debtor did not have any domestic support obligations during the pendency of the case.

c. No exemptions in excess of the adjusted amount set forth in 11 U.S.C. §522(q)(1) were claimed *or* exemptions in excess of the adjusted amount were claimed and all creditors and other interested parties requesting special notice were served with a statement by the debtor as to whether there is pending a proceeding in which the debtor may be found guilty of a felony of a kind described in §522(q)(1)(A) or found liable for a debt of the kind described in §522(q)(1)(B).

3. If the debtor's statement re pending proceedings was filed in 2.c., above, the statement was filed thirty (30) or more days ago and either no hearing was requested, or a hearing was held and the court found that discharge should not be delayed.

4. The debtor has not received a discharge in a case filed under chapter 7, 11 or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

**THEREFORE,** the Trustee requests that the Court enter a discharge order pursuant to 11 U.S.C. §1328.

Dated:  September 14, 2011          /s/   DEVIN DERHAM-BURK
                                     Chapter 13 Standing Trustee